## SAMUEL SMITH *versus* WARREN CUDWORTH.

If an officer, having attached a chattel, delivers it to a third person, upon his promise
to redeliver it on demand, such person cannot resist the officer's claim, on the
ground that the chattel was exempted by law from attachment.

The Court will not entertain a question of law presented by the agreement of the
parties, but which does not arise out of the facts in the case.

ON a case stated it appeared that this was an action of as-
sumpsit on a written promise of the defendant to deliver to the
plaintiff, on demand, certain articles which the plaintiff, as a
deputy sheriff, had attached on a writ of one Hawes against
one Slayton, the articles having been voluntarily produced by
Slayton to secure Hawes's demand. Afterward the plaintiff,
without the consent of Slayton, returned an attachment of the
same articles on a writ of one Sigourney against Slayton.
Slayton was a cabinet maker, and one of the articles attached
was a common cabinet maker's workbench, made with a view
of being removed from place to place, wherever the owner
should work, and not fastened to the building.

The parties agreed, that if in the opinion of the Court such
a bench is not exempted by *St.* 1805, *c.* 100, from attachment
and execution, judgment should be rendered for the plaintiff
for 3 dollars damage and 75 cents costs ; otherwise that judg-
ment should be rendered for the defendant for his costs.

*Oct.* 11*th*,     This question was argued by *Bacon*, for the plaintiff, and
1836.      *Prentiss*, for the defendant.

*April term*     MORTON J. delivered the opinion of the Court. This
1837.      action is founded on a written contract, which is in itself lawful
and is supported by a sufficient consideration. The plaintiff,
who is a deputy sheriff, having attached a common workbench
of a cabinet maker, delivered it to the defendant, at his request,
and upon his giving a written acknowledgment of its receipt
and a promise to redeliver it on demand. Upon what grounds
can the defendant be absolved from the obligation of this con-
tract ? He has no right to object to the attachment. His
undertaking did not depend on the legality of that, or the suc-
cess of the action on which it was attached. *Non constat* that
the owner of the bench would resist the attachment.

If the bench was attachable, the officer was bound to hold and sell it, in satisfaction of the judgment which was recovered. If it was not, or if no judgment was recovered, he was liable to the owner. And in either event he was clearly entitled to a return of the bench. The defendant having failed to do this, on demand, according to his promise, must be defaulted, and judgment must be rendered for the damages agreed upon by the parties.

The question of the exemption of the workbench from attachment and execution, does not arise in the case. It is true, the parties have attempted to present it, and have expressly agreed that judgment shall be rendered according to our opinion upon this question. But neither parties nor their counsel have any right to make their cases turn upon any thing but their own intrinsic merits ; or call upon the Court by fictitious actions or assumed facts, to decide mere speculative questions. The former would partake of the nature of gambling, and the latter would convert the highest tribunal in the State into a moot court to decide questions which might never arise, or to lay down rules for the government of cases in which the real parties would have had no opportunity to be heard. The members of this Court, too, have quite labor enough to perform the duties which necessarily and legally devolve upon them.

*Defendant defaulted.*